IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STACEE RAMIREZ, et al.,

    Plaintiffs,

v.   Civ. No. 14-116 JCH/GBW

RWI CONSTRUCTION INC., et al.,

    Defendants.

### ORDER DENYING MOTION TO VACATE CONFIDENTIALITY ORDER

This matter is before the Court on Plaintiffs' Motion to Vacate Confidentiality Order in *Tarin v. RWI Construction Inc.*, Case No.: 2:12-CV-00145. *Doc. 41*. The matter is fully briefed and the Court finds no need for a hearing. *See docs. 70, 71, 72, 122, 123*. Being fully advised, the Court will deny the motion.

In *Tarin*, the ten plaintiffs stipulated with eight defendants to the Court's entry of an Agreed Protective Order and Order of Confidentiality. *Doc. 70*, Exs. A & B. While plaintiffs' counsel in *Tarin* were the same as those representing Plaintiffs in the instant case, none of the *Tarin* plaintiffs are Plaintiffs here. On the other side, only three of Defendants in the instant case (RWI Construction, Inc., Lee Rowe, and Jerry Cavitt) were defendants in *Tarin* and parties to the confidentiality order. *Id*. Certain documentation was disclosed to the *Tarin* plaintiffs and designated confidential pursuant to the confidentiality order by the *Tarin* defendants. Plaintiffs, by their

1

motion, seek to lift the protection provided by the confidentiality order and permission to "use such evidence[1] without violating the Confidentiality Order [reserving] the parties' rights . . . regarding admissibility." *Doc. 41* at 9.

As an initial matter, certain Defendants argue that the motion should be denied because it was filed in the wrong lawsuit. *See doc. 70* at 3. Generally, the Court shares the concern of, outside the context of an appeal, asking a different judge in a different case to vacate the order of another judge. However, in the unusual circumstances present here, it seems the better course for the undersigned to address Plaintiffs' motion. Thus, the Court will turn to the merits.

It is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001). "Once a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1984)). Plaintiffs do not argue that the *Tarin* confidentiality order was improvidently granted. Nor do they argue that the *Tarin* defendants did not rely upon it. Thus, Plaintiffs must establish

---

[1] To be clear, the *Tarin* confidentiality order does not cover all discovery produced in that case. Only documents produced and designated confidential by the producing party. Thus, Plaintiffs' motion seeking to vacate that order implicates only documents designated confidential when they were produced in *Tarin*.

some extraordinary circumstance or compelling need.

All parties spend much time arguing over the relevance of the discovery produced under the *Tarin* confidentiality order to the instant case. Generally speaking, it appears to the Court that the body of disputed evidence is both less relevant than Plaintiffs argue and more relevant than Defendants contend. Even if every bit of the evidence produced under the *Tarin* confidentiality order is discoverable in this case pursuant to Rule 26(b), it does not follow that the *Tarin* confidentiality order should be vacated. Plaintiffs must still explain the extraordinary circumstance or compelling need that would justify the order's vacatur.

The only argument made by Plaintiffs which could be addressed to this issue is that vacating the order would serve judicial economy and conserve the parties' resources. *Doc. 41* at 9. Indeed, there will be some duplication of effort by requiring Plaintiffs to promulgate discovery requests to obtain documents counsel has already seen. However, prior experience in the *Tarin* case should permit counsel to more efficiently target the relevant materials. Moreover, any efficiency gained by not requiring Plaintiffs from going through the formal discovery process in this case would be significantly offset by requiring counsel for Defendants not involved in *Tarin* to catch up with what happened in *Tarin* now that it will be used in the instant case. In the end, Plaintiffs have not shown any extraordinary circumstance or a compelling need to vacate the *Tarin* confidentiality order.

WHEREFORE, Plaintiffs' Motion to Vacate Confidentiality Order in *Tarin v. RWI Construction Inc.*, Case No.: 2:12-CV-00145 (*Doc. 41*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE